(45 Misc. Rep. 232.)

### PHILLIPS v. PHILLIPS.

(Supreme Court, Special Term, Fulton County. November, 1904.)

1. DIVORCE—ENTRY OF JUDGMENT.
   General rule of practice No. 76 provides that no judgment in divorce shall be entered, except on the special direction of the court. Code Civ. Proc. § 1774, provides that, after three months, final judgment in divorce shall be entered on the decision or report, unless, for sufficient cause, the court shall have otherwise ordered. *Held* not inconsistent.

2. SAME—AUTHORITY OF CLERK.
   Where the interlocutory judgment in divorce contains the special directions required by general rule of practice No. 76 as to entry of judgment in divorce, it is sufficient authority for the clerk to enter as of course the final judgment.

3. SAME—EVIDENCE.
   Where an application in a divorce action for final judgment is made under the directions in the interlocutory judgment or under the special direction of the court, as authorized by general rule of practice No. 76, proof of all the necessary facts must be presented to the presiding judge.

Action by Elizabeth Phillips against Harvey Phillips. Application by plaintiff for final judgment in divorce. Application returned for proof of filing of decision.

Daniel Naylon, Jr., for plaintiff.

SPENCER, J. The provision of Supreme Court rule 76, which provides that "no judgment in an action for a divorce shall be entered except upon the special direction of the court," is not inconsistent with the provision of section 1774 of the Code of Civil Procedure, which directs that "after the expiration of said period of three months final judgment shall be entered as of course upon said decision or report unless for sufficient cause the court in the meantime shall have otherwise or-

dered." The interlocutory judgment in divorce actions may contain the special directions as required by rule 76 for the entry of the final judgment, and when it contains such directions they are sufficient authority for the clerk to enter as of course the final judgment pursuant thereto. In so doing, he may, without doubt, take notice of such records as are contained in his office, to wit, the filing of the decision or report, and the date of such filing, and the entry of the interlocutory judgment and its provisions, together with the date of such entry. He should, however, require proof by affidavit that no order of the court has intervened. When application for final judgment is made to the court either pursuant to directions contained in the interlocutory judgment, or, in the absence of such directions, in compliance with the provisions of rule 76, the presiding justice may not be presumed to have knowledge of the records in the clerk's office, and proof of all the facts necessary must be presented in support of the application. The provisions of section 1774 of the Code of Civil Procedure require that, before final judgment is granted or entered, it shall be made to appear that the decision or report has been filed and the interlocutory judgment entered at least three months prior to the application. The court may not infer from the entry of the interlocutory judgment that the decision has been filed. The application herein is therefore returned for proof of the filing of the decision.

Application returned for proof of filing of decision.