(122 App. Div. 543.)

### BERNZOTT v. BERNZOTT.

(Supreme Court, Appellate Division, First Department. December 6, 1907.)

MARRIAGE—ANNULMENT—FINAL JUDGMENT—RIGHT TO ENTRY.

    Under Code Civ. Proc. § 1774, as amended by Laws 1902, p. 951, c. 364, as amended by Laws 1905, p. 1205, c. 537, postponing the right to final judgment in an action to annul a marriage, or for divorce until 3 months from the filing of the decision, but providing that after that period, and within 30 days thereafter, final judgment shall be entered as of course, unless the court shall have otherwise ordered, where, after entry of an interlocutory judgment for plaintiff in an action to annul marriage, defendant's default was opened on condition that within 10 days he pay all taxable costs, the court was without authority to refuse to enter final judgment on defendant's failure to pay as directed, on affidavit by him that

costs had not been paid because he was unable to do so; but, the 3 months having expired, plaintiff was entitled to judgment as of course.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Marriage, § 139.]

Appeal from Special Term.

Action by Matilda Bernzott against George Frederick Bernzott. There was an interlocutory judgment for plaintiff, and, from an order denying her motion for final judgment, she appeals. Order reversed, and judgment ordered for plaintiff.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGH-LIN, CLARKE, and SCOTT, JJ.

Alfred Beekman, for appellant.
Andrew J. Smith, for respondent.

INGRAHAM, J. This action, which was brought to annul the marriage between plaintiff and defendant, was at issue and came on for trial at Special Term, when the defendant failed to appear, whereupon the court took the evidence offered by the plaintiff, filed a decision finding the facts as alleged by the plaintiff and directing the entry of a judgment declaring the marriage contract between plaintiff and defendant void and annulling it. Upon that decision an interlocutory judgment was entered on the 24th day of June, 1907, which adjudged that the plaintiff was entitled to a judgment that the marriage contract made and entered into between the plaintiff and the defendant be declared void, and the said marriage annulled, and that after the expiration of three months final judgment be entered granting the relief mentioned, unless otherwise ordered by the court. After the entry of this interlocutory judgment, the defendant made a motion to open the default and to be allowed to come in and defend. That motion resulted in an order entered on the 23d day of September, 1907, allowing the defendant to appear and defend the action upon condition that, within 10 days after the entry of the order and service of a copy thereof upon his attorneys, he pay all the taxable costs and disbursements in the action, and that, in the event of the failure of the defendant to pay such costs and disbursements imposed as a condition for the opening of the default within the time limited, the motion to open the default be denied. A copy of that order was served, but the defendant failed to comply with the conditions imposed, and on the 10th day of October, 1907, the plaintiff served a notice of motion for final judgment with a copy of a proposed judgment. This application was based upon an affidavit from which the foregoing facts appeared: That on the 24th day of September, 1907, a copy of that order was served upon the attorney for the defendant, and on the same day a bill of costs, together with notice of adjustment for September 25, 1907, was likewise served, and on the 25th day of September, 1907, costs were adjusted at the sum of $118.55; that 10 days had elapsed since the service of such order, with notice of entry, and since the adjustment of such costs; and that the defendant had failed and neglected to pay the amount of costs directed to be paid by him to the attorneys for the plaintiff, or any part thereof. In answer to that application, the defendant submitted an af-

fidavit in which he said that he was unable to pay the costs, and therefore had not paid them, and on that affidavit the Special Term denied the motion for final judgment.

But for the amendment of section 1774 of the Code of Civil Procedure, by chapter 364, p. 951, of the Laws of 1902, as amended by chapter 537, p. 1205, of the Laws of 1905, the plaintiff would have been entitled to final judgment upon filing of the decision. By that section, however, there was a postponement of the right to final judgment until the expiration of three months from the filing of the decision; but after the expiration of that period of three months, and within 30 days thereafter, final judgment was to be entered as of course upon such decision, unless for sufficient cause the court in the meantime should have otherwise ordered. By this provision the entry of final judgment is postponed for three months after the filing of the decision to allow an application to be made to the court to open a default, for a new trial, or for an order to require further or other proceedings before the entry of final judgment; but in case no order of the court which affected the decision or the right to a final judgment was made within three months from the filing of the decision, the plaintiff was then entitled to final judgment as directed by the decision as of course. The court has no authority to refuse to enter final judgment because the party against whom the judgment is to be entered objects to it, or wants to make an application after the expiration of three months. The right of the plaintiff to move for final judgment is confined to 30 days after the expiration of the three months after filing the decision, and for the court to postpone the entry of final judgment beyond that time would affect the right of the plaintiff to enter final judgment upon the decision. Undoubtedly, before or after the entry of final judgment, the court would have power to open the default upon such terms as would be just. The defendant made such a motion. It was granted so that an opportunity was afforded him to come in and defend the action. He, however, has refused to comply with the terms imposed by the court as a condition of presenting his defense. There is nothing here disclosed that justified the court in refusing to grant the final judgment to which plaintiff was entitled.

The order appealed from should therefore be reversed, with $10 costs and disbursements, and the final judgment proposed by the plaintiff entered. All concur.