(122 App. Div. 546.)

HAWKES et al. v. CLAFFY et al.

(Supreme Court, Appellate Division, First Department. December 6, 1907.)

1. ABATEMENT AND REVIVAL—DEATH OF ONE OF PLAINTIFFS.

In an action by two plaintiffs on behalf of themselves and all other persons who were creditors of defendant, one of the plaintiffs died after service of the answer. The surviving plaintiff moved to mark the case off the calendar, but defendant insisted that it should be tried, and when the case was called for trial plaintiff did not appear, whereupon the complaint was dismissed, and judgment entered. The action was to enforce separate claims · of the plaintiffs and other creditors. *Held*, that under Code Civ. Proc. § 758, the cause of action of the surviving plaintiff survived so that it was not error to proceed with the trial.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 1, Abatement and Revival, § 315.]

2. JUDGMENT—VACATION—PERSONS ENTITLED.

While the dismissal of the complaint did not affect the right of the personal representative of the deceased plaintiff to move to revive the action as to him, neither the surviving plaintiff nor plaintiffs' attorney were entitled·to move for a vacation of the judgment on the ground that it had been entered against a deceased person.

[Ed. Note.—For cases in point, see ·Cent. Dig. vol. 30, Judgment, §§ 722, 723.]

Appeal from Special Term.

Action by Quayle W. Hawkes and another against Joseph H. Claffy and others. Appeals from an order denying a motion to vacate a judgment dismissing the complaint on the ground that the judgment was entered after the death of one of the plaintiffs. Appeal on behalf of the deceased plaintiff dismissed, and on the appeal by the surviving plaintiff order affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Charles H. Stoddard, for appellants.
Frank M. Avery, for respondents.

INGRAHAM, J. This action was commenced by two plaintiffs on behalf of themselves and all other persons who were creditors of the defendant John W. Kingston who had furnished labor or material towards the erection of a building upon certain premises described in the complaint. The answer was served on the 17th of January, 1907, and thereafter and on the 28th day of March, 1907, the plaintiff Hawkes died. After the death of Hawkes the action appeared upon the calendar of the Special Term, when it was suggested in open court that one of the plaintiffs was dead. The other plaintiff appeared for the purpose of moving to mark the case off. The defendant insisted that the case should be tried, whereupon the case was marked ready for trial. When the case was called for trial the plaintiff did not appear, and on motion of the defendants' attorney the complaint was dismissed, and an order was filed dismissing the complaint upon which judgment was entered. Although the complaint is not a part of the record, it would appear that the action was to enforce separate claims of the plaintiffs, and the claims of the other creditors of the defendant

Kingston. By the death of one plaintiff the action abated as to him. His death, however, did not interfere with the enforcement of the cause of action as to the other plaintiff or the other creditors who could have proceeded with the trial entering upon the record a statement that one of the plaintiffs had died. It was not error for the court to proceed with the trial; and while it is quite clear that a dismissal of the complaint would not affect the right of the personal representative of the deceased plaintiff to move to revive the action as to him, as no such application has been made, there is no one in a position by motion or by appeal to move to vacate the judgment. The plaintiffs' attorney cannot appear and prosecute this appeal on behalf of the deceased until the action is revived by his personal representatives, and no error was committed in dismissing the complaint as to the surviving plaintiff. It appeared by the notice of appeal that both plaintiffs appealed from the order denying the motion to vacate the judgment. The dead plaintiff certainly could not appeal, and the judgment dismissing the complaint as to the surviving plaintiff was not irregular or void. The cause of action—to enforce the right of Goodfellow— was unaffected by the death of Hawkes, and neither the presence of Hawkes nor his representatives affected the right of Goodfellow to proceed with the action and obtain such judgment as he was entitled to. Therefore, under section 758 of the Code, the entire cause of action of Goodfellow survived, notwithstanding the death of his coplaintiff. If this judgment is in effect against a dead man, it is void as to him, but the surviving plaintiff is not in a position to move on behalf of the deceased plaintiff. Nothing prevents the representatives of the deceased person from moving to revive the action in their favor, or making such other application as is necessary to protect their rights.

The appeal taken on behalf of the deceased plaintiff must be dismissed, and on the appeal taken on behalf of the surviving plaintiff the order is affirmed, with $10 costs and disbursements. All concur.