## WOOD v. WOOD.

(Supreme Court, Special Term, Cortland County.　May 31, 1913.)

MARRIAGE (§ 65*) — ANNULMENT — FINAL JUDGMENT—ENTRY—AMENDMENT OF
PLEADINGS.

Code Civ. Proc. § 724, allowing relief to a party from a judgment for
mistake, inadvertence, surprise, or excusable neglect, was not amended
or its force curtailed by section 1774, providing that, within 30 days after
the expiration of 3 months from the entry of an interlocutory judgment
dissolving a marriage, final judgment shall be entered as of course, un-
less for sufficient cause the court in the meantime shall have otherwise
ordered; and hence the court, on the return of a motion for final judg-
ment or at any time prior to the entry thereof, was authorized to refuse
to grant final judgment, to open the interlocutory judgment, and to al-
low an amendment of the pleadings to afford defendant an opportunity
to try an issue then raised, that because her prior marriage was illegal
she was competent to marry plaintiff at the time she did so, and that
such marriage was therefore a legal one.

[Ed. Note.—For other cases, see Marriage, Cent. Dig. § 139; Dec. Dig.
§ 65.*]

Action by James T. Wood against Josephine Wood.　On applica-
tion for final judgment dissolving a marriage.　Denied.

Kellogg & Van Hoesen, of Cortland, for plaintiff. .
Jacob Halstead, of New York City, for defendant.

KILEY, J.　The above action was brought by the plaintiff against
the defendant to set aside the marriage between the plaintiff and de-
fendant upon the ground that at the time of said marriage she was the
wife of another, to wit, Charles F. Beach.　Referee was appointed;
hearing had, but no contest; interlocutory judgment rendered.　Plain-
tiff now applies for final judgment, 3 months having expired; the
application was made within 30 days thereafter.　Upon the return of
said motion defendant appears and opposes the granting of final judg-
ment, and asks for such relief as she is entitled to, upon the ground
that at the time she was married to Charles Fiske Beach she had no
right to marry him, and that therefore her marriage to the plaintiff
is a legal marriage.

Plaintiff insists that, under Phillips v. Phillips, 45 Misc. Rep. 232,
92 N. Y. Supp. 78, and Bernzott v. Bernzott, 122 App. Div. 545, 107
N. Y. Supp. 424, the court is without authority to stay the entry of
judgment, and that it might have been entered as a matter of course.
I think it could have been, but plaintiff relies here upon the construc-
tion placed by 122 App. Div. 546, 107 N. Y. Supp. 424, upon the fol-
lowing provisions found in section 1774 of the Code of Civil Proce-
dure:

"Within thirty days after the expiration of said period of three months
final judgment shall be entered as of course upon said decision or report, un-
less for sufficient cause the court in the meantime shall have otherwise or-
dered."

In the first instance I think the decision in 122 App. Div. places too
great a limitation upon the language above quoted.　I think that it is

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

unnecessary, in reading that whole section together, to hold that the order referred to therein has to be made before the expiration of the three months. I think that the order can be made any time before the final judgment is made, and under the provisions of section 768 of the Code of Civil Procedure all of the orders can be disposed of in one motion. I think it would be unwise to hold that section 724, which allows relief to a party from a judgment on the grounds of mistake, inadvertence, surprise, or excusable neglect, was amended, or its scope and force curtailed, by the provisions of section 1774 of the Code of Civil Procedure.

While the evidence and matters appearing upon this argument do not appeal to me strongly as inspiring much favorable feeling toward the defendant individually, yet, as a proposition affecting society and the proper administration of justice, it is my duty, as I see it, to refuse to grant this final judgment, to open the interlocutory judgment, to allow full and complete amendment of all the pleadings in this action, and to let the case go to trial upon the new features now presented.

Plaintiff must pay all costs and disbursements up to the time of such amendments. Let the attorneys for the parties confer, and, if satisfactory, it may proceed to trial before the same referee, who heard the evidence upon the former hearing.

Let order be entered accordingly.