LEVINE et al. v. ORENTLICH et al.

(Supreme Court, Appellate Term, First Department. · May 6, 1915.)

APPEAL AND ERROR ⊚⟶1058—REVIEW—HARMLESS ERROR—EVIDENCE.

Where the matter sought to be shown has been otherwise brought before the jury, exclusion of direct evidence thereof is harmless error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4195, 4200–4204, 4206; Dec. Dig. ⊚⟶1058.]

Appeal from City Court of New York, Trial Term.

Action by Harry Levine and others, a copartnership as Levine, Kalikow & Co., against Harry Orentlich and Morris Danzig, a copartnership as H. Orentlich & Co. From a judgment for plaintiffs, and an order denying motion for new trial, defendant Danzig appeals. Affirmed.

Argued April term, 1915, before GUY, BIJUR, and PENDLETON, JJ.

Maurice L. Shaine, of New York City (Abraham P. Wilkes, of New York City, of counsel), for appellant.

Ruskay & Ruskay, of New York City (Louis B. Williams, of New York City, of counsel), for respondents.

PER CURIAM. It is quite clear that error was committed by the learned trial judge in the exclusion of evidence in four instances. We are of opinion, however, that the errors were not sufficiently serious, under the circumstances, to have been prejudicial to appellant before · the jury to such extent as to warrant a reversal.

Thus two witnesses claimed to have had an interview with appellant at which he made certain admissions. Defendant's bookkeeper testified that he met the two witnesses on the occasion of their admittedly sole visit, and that appellant was not present. Although he should have been permitted to strengthen his testimony by detailing the purpose and circumstances of the witnesses' call, his testimony as to appellant's absence covered the substantial point at issue. Similarly, although evidence was offered on behalf of plaintiffs tending to establish an implied admission by appellant of his partnership with the other defendant, appellant was not permitted to disprove this implication as fully as he desired, by showing what his actual relations with defendant were. Nevertheless, though testimony aimed directly at that point was excluded, the record is full of evidence showing what appellant claimed his relationship to be and his purpose in assisting the other defendant financially. In quite the same way, although one of the plaintiffs and one of their witnesses were confronted with documents which contradicted their testimony, the learned judge below refused to admit the documents in evidence. But the witnesses admitted the contradiction based upon the papers which were shown to them in the presence of the jury.

Thus in all the instances the testimony excluded directly was either indirectly or in some other form fully laid before the jury, and the error involved in its exclusion substantially cured.

Judgment affirmed, with costs. ·

⊚⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes