June 4, 1915.) Action by Margaret Lane, as administratrix, against the Lion Brewery of New York City. A. P. Fitch, of New York City, for appellant. C. J. Earley, of New York City, for respondent.

PER CURIAM. Judgment and order affirmed, with costs.

CLARKE and SCOTT, JJ., dissent, on ground that there is no evidence of freedom from contributory negligence. Order filed.

LATINER v. WONDERLAND AMUSEMENT CO. (Supreme Court, Appellate Division, First Department. May 14, 1915.) Action by Bernard Latiner against the Wonderland Amusement Company. No opinion. Motion to dismiss appeal denied, without costs. Order filed. See, also, 161 App. Div. 554, 146 N. Y. Supp. 779; 153 N. Y. Supp. 1124.

LATINER, Respondent, v. WONDERLAND AMUSEMENT CO., Appellant. (Supreme Court, Appellate Division, First Department. June 18, 1915.) Action by Bernard Latiner against the Wonderland Amusement Company. J. Wilzin, of New York City, for appellant. E. I. Yuells, of New York City, for respondent. No opinion. Judgment and order affirmed, with costs. Order filed. See, also, 153 N. Y. Supp. 1124.

LAUFER, Respondent, v. BLACKWELL, Appellant. (Supreme Court, Appellate Division, Second Department. June 11, 1915.) Action by Edward Laufer against Louis E. Blackwell.

PER CURIAM. The parties hereto having stipulated in open court that this case may be disposed of by a court of four, the decision is as follows: Judgment and order unanimously affirmed, with costs.

LAUTZ, Respondent, v. SPRAGUE, Appellent, et al. (Supreme Court, Appellate Division, Fourth Department. May 12, 1915.) Action by Amelia K. Lautz, individually, etc., against Henry Ware Sprague, as trustee, etc., impleaded with others.

PER CURIAM. Judgment affirmed, with costs to each party appearing upon this appeal by separate brief, payable out of the corpus of the fund. Held that, under testator's will, his widow was entitled to receive from the net income of the trust estate an annuity of $12,000, and, if such income in any year should be insufficient to yield such annuity, then the trustees were authorized to temporarily borrow and take from the principal of the trust estate sufficient thereof to make up any such deficiency, subject, however, to restoration of said principal from surplus income as the same may accrue.

L. BLACK CO. Respondent, v. LONDON GUARANTY & ACCIDENT CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. April 28, 1915.) Action by the L. Black Company against the London Guaranty & Accident Company. No opinion. Order affirmed, with costs. See, also, 144 N. Y. Supp. 424.

In re LEDER. (Supreme Court, Appellate Division, First Department. May 28, 1915.) In the matter of Benjamin Leder. No opinion. Referred to Hon. Roger A. Pryor, official referee. Settle order on notice. See, also, 152 N. Y. Supp. 1122.

LEDERER, Appellant, v. FIELD & FANCY PUB. CO., Respondent. (Supreme Court, Appellate Division, Second Department. May 25, 1915.) Action by Alison M. Lederer against the Field & Fancy Publishing Company. No opinion. Judgment unanimously affirmed, with costs. See, also, 152 N. Y. Supp. 1122.

LEFSTEIN & ROSENFELD CO., Appellant, v. HUNT, Respondent. (Supreme Court, Appellate Division, Second Department. May 7, 1915.) Action by the Lefstein & Rosenfeld Company against Henry J. Hunt. No opinion. Motion for reargument (152 N. Y. Supp. 1122) denied, without costs.

LENTSCH, Respondent, v. INTERNATIONAL R. CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. May 12, 1915.) Action by Joseph A. Lentsch against the International Railway Company.

PER CURIAM. Judgment and order reversed, and new trial granted, with costs to appellant to abide event. Held, that the assumption of the court in charging the jury that the car was in sight, but not within the radius of safety, is not warranted by the testimony actually given by the plaintiff, and that the exception to the charge presents reversible error.

ROBSON, J., dissents.

LEVENGSTON, Respondent, v. LAMB PUB. CO., et al. (Supreme Court, Appellate Division, First Department. May 28, 1915.) Action by Henry M. Levengston against the Lamb Publishing Company and another. G. E. Joseph, of New York City, for appellant. W. W. Westall, of New York City, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

LEVEY, Respondent, v. LEVEY, Appellant. (Supreme Court, Appellate Division, Second Department. June 4, 1915.) Action by Warrena D. Levey against Clarence D. Levey. No opinion. Motion denied, without costs. See, also, 152 N. Y. Supp. 1123; 153 N. Y. Supp. 1124, 1125.

LEVEY, Respondent, v. LEVEY, Appellant. (Supreme Court, Appellate Division, Second De-

partment. June 17, 1915.) Action by Warrena D. Levey against Clarence D. Levey.

PER CURIAM. Motion to dismiss appeal denied. See, also, 153 N. Y. Supp. 1124, 1125.

JENKS, P. J., not voting.

LEVEY, Appellant, v. LEVEY, Respondent. (Supreme Court, Appellate Division, Second Department. June 17, 1915.) Action by' Warrena D. Levey against Clarence D. Levey.

PER CURIAM. To grant or to withhold leave to discontinue a matrimonial action is within the court's discretion, which ordinarily is not reviewed on appeal. Especially are we disinclined to such review in a case like this, where the proofs at successive hearings have been fully taken; both parties having testified in the presence of the trial judge, and the hearings before him having been unreservedly closed. Leave to discontinue in such circumstances depends on plaintiff's showing good faith, honesty, and sincerity. This plaintiff, however, demands annulment of her marriage for defendant's incapacity, which she says existed at the time of the marriage and remains incurable. She must show strong grounds, which do not appear in this record, to discontinue the annulment suit already tried, for the declared purpose of starting a divorce suit based on the inconsistent charge that defendant, during the month of March following the February marriage, committed adultery. The orders denying leave to discontinue (150 N. Y. Supp. 610) are therefore affirmed. See, also, 153 N. Y. Supp. 1124, 1125.

JENKS, P. J., not voting.

LEVIN, Respondent, v. JUDITSKY, Appellant. (Supreme Court, Appellate Division, Second Department. June 17, 1915.) Action by Ida Levin against Max B. Juditsky. No opinion. Motion to dismiss appeal denied.

LEVIN, Appellant, v. WM. A. WHITE & SONS, Respondents. (Supreme Court, Appellate Division, First Department. June 18, 1915.) Action by Morris Levin against Wm. A. White & Sons. W. McConihe, of New York City, for appellant. J. Holmes, of New York City, for respondents. No opinion. Judgment affirmed, with costs. Order filed. See, also, 152 N. Y. Supp. 1123.

LEVINE et al. v. ORENLICH et al. (Supreme Court, Appellate Division, First Department. June 11, 1915.) Action by Harry Levine and another against Harry Orenlich and another. No opinion. Application granted. Order signed. See, also, 153 N. Y. Supp. 1125.

LEVINE et al. v. ORENTLICH et al. (Supreme Court, Appellate Division, First Department, May 28, 1915.) Action by Harry Levine and another against Harry Orentlich and another. No opinion. Motion for stay granted, without costs. Settle order on notice. See, also, 152 N. Y. Supp. 962.

LEVY, Respondent, v. MORRIS & CO., Appellants. (Supreme Court, Appellate Division, Second Department. June 4, 1915.) Action by Moses Levy against Morris & Co. No opinion. Judgment and order unanimously affirmed, with costs.

LEWIS v. BITTNER et al. (Supreme Court, Appellate Term, First Department. June 14, 1915.) Appeal from Municipal Court, Borough of the Bronx, Second District. Action by Charlotte Lewis against John Bittner and another. From judgment for plaintiff, defendant Bittner appeals. Affirmed. Otto H. Droege, of New York City, for appellant. Frank H. Coyne, of Yonkers (Jerome C. Jackson, of New York City, of counsel), for respondent.

PER CURIAM. Judgment affirmed.

LEHMAN, J. (dissenting). The plaintiff, an indorsee of a note, having introduced the note in evidence, rested. The defendant then attempted to establish his defense that the note was obtained from him by the payee fraudulently. The trial justice ruled out this testimony "unless counsel can show that this holder got it after maturity or with notice of infirmity." There is no question but that, if the defendant had then rested, his exception to this ruling would have required a reversal of the judgment. The defendant did not, however, rest, but called the plaintiff as his witness, and her testimony established that she was a bona fide holder for value. It is contended that with this proof in the case the previous ruling of the trial justice becomes immaterial. In this view I cannot concur. The plaintiff was an interested witness, and the truth of her story is open to some suspicion. She is a sister of the payee, and she claims that the note was given to her in payment of a pre-existing debt after a written request for such payment was made upon her sister, yet she fails to produce the letter requesting such payment, and her testimony in regard to the pre-existing debt is very vague. If the plaintiff had taken the stand in her own behalf, the defendant would have cross-examined her, and even though her testimony was uncontradicted, yet since it was that of an interested party, it would not have been conclusive. The ruling of the trial justice, however, compelled the defendant to call the plaintiff himself, and precluded him from cross-examining and impeaching her testimony. Under these circumstances, I think the judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.

LICHTENSTEIN, Respondent, v. REGAL MOTOR CAR CO., Appellant. (Supreme Court, Appellate Division, First Department. May 28, 1915.) Action by Julius Lichtenstein against the Regal Motor Car Company. W. C. Beecher, of New York City, for appellant. J. M. Kram, of New York City, for respondent. No opinion. Judgment and order affirmed, with costs. Order filed.