Rachel E. McVickar, Plaintiff, v. James McVickar, Defendant.

Supreme Court, Rockland Special Term, August 18, 1924.

Husband and wife — divorce — court has power to modify or vacate decree in divorce action before decree becomes final — motion by defendant husband to set aside order vacating interlocutory judgment in plaintiff's favor and discontinuing wife's action for absolute divorce — wife induced by defendant to bring action — wife's application to vacate interlocutory judgment and discontinue action properly granted — defendant's motion denied — law should encourage reconciliations between husbands and wives.

The court, for sufficient cause, has power to modify or vacate a decree in a divorce action at any time before it becomes final.

Defendant's motion to set aside an order, vacating an interlocutory judgment previously granted his wife, and discontinuing her action for an absolute divorce, will be denied, where it appears that the wife's application was properly granted, and that she was induced by the defendant and his friends, against her own will and judgment, to commence the action, in which the defendant did not appear.

It seems, that reconciliations between husbands and wives, even after decrees of divorce have become absolute, should be encouraged by the law.

Motion to set aside an order, previously granted defendant's wife, vacating an interlocutory judgment in her favor and discontinuing her undefended action for an absolute divorce.

Graham, McMahon, Buell & Knox, for the plaintiff.

Ernest W. Hofstatter (Mortimer B. Patterson, of counsel), for the defendant.

Tompkins, J. We have here a husband in the unusual and novel position of asking the court to set aside an order, made on his

wife's application, vacating an interlocutory judgment in her favor and discontinuing her undefended action for an absolute divorce in which the husband did not even appear.

Before the expiration of three months from the entry of the interlocutory decree in her favor, the plaintiff in this action made an *ex parte* application to the court for an order vacating said decree and discontinuing the action. Her reasons therefor, as stated in her affidavit, seemed to be reasonable and sufficient and her application was granted. Now the defendant, who did not defend or appear in the action, moves to vacate said order and for the reinstatement of the interlocutory decree and thereby force upon the plaintiff against her will a final decree of divorce.

At any time before the decree became final the court for sufficient cause had power to modify or vacate it.

The reasons given by the plaintiff upon her application to vacate the decree are now supplemented by the claim that she was unduly persuaded and induced to bring the action by her husband the defendant, and his employer. This employer was the only witness who testified for the plaintiff as to the defendant's misconduct and it was he who selected the lawyer who began this action for the plaintiff and appeared for her at the inquest and examined her witnesses. At the time of the inquest I first thought that it was a collusive case and so stated from the bench, as the stenographer's minutes show, but counsel for the plaintiff was so earnest and insistent in his contention that the case was all right, and I believe honestly so, that I was persuaded that there was no collusion between the parties. Later, however, my suspicions were again aroused when I learned that on the day of the inquest the plaintiff and defendant were sitting together in a small office off the court room, confidentially and pleasantly engaged in conversation and that after the taking of the inquest they left the court house together.

The plaintiff's application to vacate the interlocutory judgment and the reasons given for her action and the facts revealed since then, convince me that the plaintiff was induced by the defendant and his friends and against her own will and judgment to commence the action and when, before the expiration of a three months' period, she decided not to avail herself of her statutory rights and asked leave to discontinue the action, her application in my opinion was properly granted and hence this motion by the defendant must be denied. Besides, I doubt that the defendant, having failed to appear in the action, has any standing to make this or any other motion without first having his default opened.

In *Matter of Petition of Butler*, 101 N. Y. 307, the court said:

" Ordinarily, a suitor has a right to discontinue any action or proceeding commenced by him, and his reasons for so doing are of no concern to the court. A party should no more be compelled to continue a litigation than to commence one, except where substantial rights of other parties have accrued, and injustice will be done to them by permitting the discontinuance. In such a case, through the control which the court exercises over the entry of its order, there is discretion to refuse; but where there are no such facts, and nothing appears to show a violation of the right or interest of the adverse party, the plaintiff may discontinue, and a refusal of leave becomes merely arbitrary and without any basis upon which discretion can exist. (*In re Anthony Street*, 20 Wend. 618; *Carleton* v. *Darcy*, 75 N. Y. 375, 377.)"

Here there has been no substantial change in the rights or status of the defendant, except that after the interlocutory decree was entered and before it was vacated he entered into a contract for the purchase of real estate. This of course he did at the risk of having the interlocutory decree vacated or modified within three months. But this situation is taken care of and the defendant's rights fully protected by plaintiff's agreement to waive any dower interest that she might have in said real property.

It is claimed here that there can never be a reconciliation — defendant says it is impossible, but human nature and experience tell a different story.

> " Down in the human heart,
>    Crushed by the tempter,
> Feelings lie buried,
>    That grace can restore.
> Touched by a loving heart,
>    Wakened by kindness,
> Cords that were broken,
>    May vibrate once more."

There have been many reconciliations between husbands and wives even after decrees of divorce have become absolute, and the parties have remarried. Such reconciliations should be encouraged by the law.

For this reason as well as the other reasons stated, the defendant's motion to reinstate the decree of divorce is denied.

Ordered accordingly.