ALICE A. ARMSTRONG, Plaintiff, *v.* WILLIAM J. ARMSTRONG, Defendant.

Supreme Court, Nassau County, February 7, 1941.

*Alfred J. Loew*, for the plaintiff.

*George E. Mulry*, for the defendant.

HOOLEY, J. Plaintiff moves to vacate the interlocutory judgment of divorce heretofore granted to the plaintiff on July 26, 1940, and permit the service of an amended complaint, praying for a separation. Defendant opposes the motion.

The motion is not based upon a possibility of reconciliation but rather upon the suspicion, on the part of the plaintiff, that defendant will marry the corespondent and that her son will be, from time to time, in company with his father and so in the company of the corespondent. Plaintiff also claims that she was improperly advised by her previous attorneys, that she never did want a divorce but did want a separation, and that she was advised that she was entitled to a divorce only. The defendant upon this motion asserts that any association with the corespondent has long since terminated, and that he holds dearly the welfare of his child and would in no way impair his morals or well being.

In *McVickar* v. *McVickar* (123 Misc. 644) and *Adams* v. *Adams* (57 id. 150), the two cases relied upon by the plaintiff, the facts were not quite similar to those here present. In the former case there were special circumstances — the court found that the wife had been induced by the defendant and his employer against her will and judgment to commence an action for divorce in which he did not appear. This employer was the only witness and it was he who selected plaintiff's lawyer. Upon the inquest the trial court remarked that the case looked collusive. Subsequently, after the wife had obtained an order vacating the interlocutory judgment and discontinuing the action, there was presented the unusual situation of the defendant husband coming in and seeking to set the order aside. Naturally, he received no co-operation from the court. In the latter case there was again presented the situation where it was the defendant husband who was moving to compel the entry of the final decree. The court declined to compel the entry of such decree where it appeared that the plaintiff, who was innocent, did not wish to avail herself of her statutory rights and where it further appeared that she was desirous of forgiving her husband and seeking a reconciliation.

In *Kenner* v. *Kenner* (240 App. Div. 713), relied on by defendant, the court stated: " The question of plaintiff's good faith in desiring a reconciliation, as alleged in her affidavits, should not be determined on affidavits, but the Special Term should take proof on that subject. If it should determine that plaintiff is acting in good faith, the motion to vacate the final decree should be granted. Otherwise, it should be denied."

It seems apparent that where a wife seeks to discontinue a marital action, even after final decree, as in the latter case, if she is acting in good faith and is genuinely seeking a reconciliation with her spouse, the courts are inclined to favor her petition. The policy of the court is to encourage reconciliations and thus support, strengthen and sustain American family life, in which divorce with its attendant sorrows and evils, is all too frequent. And, of course, in many instances the granting of such relief terminates the litigation.

But in the case at bar the plaintiff is not seeking to vacate the interlocutory decree so that she may attempt to effect a reconciliation with her husband. She is seeking instead a different kind of relief against him, which is born out of a feeling of hostility toward the corespondent. In place of a divorce, she desires a separation. Thus, in place of this litigation ending, it continues in another form.

The plaintiff verified a complaint for a divorce, made application for alimony and counsel fees and testified in the divorce action. The husband answered, withdrew his answer and testified on the question of alimony only. The defendant attempted reconciliations prior to the trial. A divorce was granted and an interlocutory decree entered.

The court does not feel that the motion should be granted. In Levey v. Levey (169 App. Div. 966) the court declined to interfere with a denial by the lower court of a motion for leave to discontinue, saying, " Especially are we disinclined to such review in a case like this, where the proofs at successive hearings have been fully taken; both parties having testified in the presence of the trial judge, and the hearings before him have been unreservedly closed."

The time-honored privilege of a woman to change her mind may not be permitted in this case. Motion denied.