LUCILLE BURGHER, Plaintiff, *v.* LOUIS H. BURGHER et al., Defendants.

Supreme Court, Special Term, Broome County, April 9, 1945.

*Ray T. Hackett* for Louis H. Burgher, defendant.

*John J. Dapolito* for plaintiff.

DEYO, J. This motion presents a question of law which apparently has not heretofore been directly passed upon by the courts of this State.

On November 24, 1944, the plaintiff was granted an interlocutory decree of divorce containing the usual provisions that it was to " become absolute as of course at the expiration of three months from the entry thereof, unless, in the meantime, it be reversed, modified or vacated." The decree was entered January 2, 1945, and hence, would have become final, except for this motion, on April 2, 1945. The motion is based upon allegations of adultery on the part of the plaintiff on February 6, 1945, after the interlocutory decree had been granted and before it had become final, which adultery the defendant now seeks to set up an affirmative defense, pursuant to the provisions of subdivision 4 of section 1153 of the Civil Practice Act.

An interlocutory judgment of absolute divorce does not terminate the marriage of the parties and they remain husband and wife until the entry of the final decree. (*Matter of Foster*

v. *American Radiator Co.*, 249 App. Div. 460, 463; *Kingsbury* v. *Sternberg,* 178 App. Div. 435; *Poss* v. *Poss,* 164 App. Div. 213.) As was said in *Matter of Crandall* (196 N. Y. 127, 130): '' We suppose that there will be no dispute concerning the proposition that the interlocutory judgment could not and did not even purport to dissolve the marriage relation between the parties to the action, but contemplated and provided for a final judgment which should accomplish that result.''

Under section 1176 of the Civil Practice Act the court retains jurisdiction of the matter and has ample authority to modify or vacate a decree for sufficient cause shown at any time before it becomes final. (*Kenner* v. *Kenner,* 240 App. Div. 713; *Tanner* v. *Tanner,* 217 App. Div. 803; *McVickar* v. *McVickar,* 123 Misc. 644.)

It has been held that the interlocutory decree should be vacated for fraud (*Owens* v. *Owens,* 150 Misc. 352), or where the plaintiff was seeking a reconciliation (*Armstrong* v. *Armstrong,* 176 Misc. 240), or where the parties had resumed marital relations after the interlocutory decree had been entered (*Kahn* v. *Kahn,* 126 Misc. 44), or to test the legality of a prior marriage in an annulment action. (*Wood* v. *Wood,* 141 N. Y. S. 929.)

*Cary* v. *Cary* (144 App. Div. 846) decided in 1911 by the Appellate Division of this department, is highly indicative of the rule to be followed. That decision concerned a case where the parties had resumed marital relations after the entry of the interlocutory decree. The learned court, with Smith, P. J., writing the opinion, pointed out that under section 1758 of the Code of Civil Procedure (now Civ. Prac. Act, § 1153), a divorce should be denied, although the adultery was proved, where there had been condonation through cohabitation, even though such cohabitation took place after the entry of the interlocutory judgment. In this particular case the motion was made even after the entry of the final judgment, but the court had no hesitancy in setting it aside, pointing out, '' If the fact of the voluntary cohabitation had been known to the court at the time of the entry of the final judgment, the final judgment would undoubtedly have been denied.'' The significance of this decision and of the others relating to cohabitation lies in the fact that such cohabitation is made a ground for denying a divorce, even though adultery be proved, by the very same section of the Civil Practice Act (§ 1153), which denies the divorce where the plaintiff has also been guilty of adultery. Certainly then, if cohabitation between the time of the interlocutory decree and the final decree is fatal, then adultery during such period must likewise be held a sufficient ground to vacate the decree.

In other jurisdictions the rule is clear that adultery on the part of a plaintiff in a divorce action during the period when the judgment is interlocutory only, constitutes a defense by way of recrimination and presents grounds for contesting the final decree. (*Helbig* v. *Helbig*, 103 N. J. Eq. 348, 352; *Pfender* v. *Pfender*, 104 N. J. Eq. 107, affd. 105 N. J. Eq. 247; *White* v. *White*, 167 Wis. 615; *Moors* v. *Moors*, 121 Mass. 232; 9 R. C. L., Divorce and Separation, § 184; Note 109 A. L. R. 1005.) KILEY, J., expressed the opinion of this court in a similar matter in *Wood* v. *Wood* (141 N. Y. S. 929, *supra*). Quoting from page 930, the learned court said: "While the evidence and matters appearing upon this argument do not appeal to me as strongly inspiring much favorable feeling toward the defendant individually, yet, as a proposition affecting society and the proper administration of justice, it is my duty, as I see it, to refuse to grant this final judgment, to open the interlocutory judgment, to allow full and complete amendment of all the pleadings in this action, and to let the case go to trial upon the new features now presented."

The motion of the defendant to set aside the interlocutory judgment granted herein and permitting him to serve a supplemental answer setting forth as an affirmative defense the adulterous acts allegedly committed by the plaintiff after the entry of said interlocutory judgment, and restore the case to the trial calendar for the May, 1945, Term of this court is granted, without costs.