## FALCONER *v.* FALCONER.

1. DIVORCE—ENTRY—FINAL DECREE.

    A decree of divorce between parents of a child under 17 years of age does not become final until 6 months after the date of entry (CL 1948, § 552.9; Court Rule No 51, § 6, adopted October 13, 1947).

2. SAME—ENTRY—INTERLOCUTORY PERIOD—FINAL DECREE.

    A decree of divorce between parents of a child less than 17 years of age is interlocutory during 6-months' period from the date of entry until the decree becomes final and appeal therefrom, as of right and without leave, could not be taken during such period (CL 1948, § 552.9; Court Rule No 51, § 6, adopted October 13, 1947).

3. SAME—INTERLOCUTORY PERIOD—FINAL DECREE—REHEARING.

    The period of 6 months during which a decree of divorce is interlocutory was designed by the legislature as one for the cooling of tempers and effecting of reconcilations with the right of either party, independent of their right to a rehearing, to make a showing why the decree should not become final; the period within which a rehearing may be applied for to commence when the decree becomes final (CL 1948, § 552.9; Court Rule No 48, § 1 [1945] and No 51, § 6, adopted October 13, 1947).

4. SAME—REHEARING—PETITION—FILING.

    Defendant husband's petition for rehearing was timely where it was filed within 4 months from time when decree of divorce became final (CL 1948, § 552.9; Court Rule No 48, § 1 [1945], and No 51, § 6, adopted October 13, 1947).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 17 Am Jur, Divorce and Separation, § 434.
[3] 17 Am Jur, Divorce and Separation, § 435.
[4, 6] 17 Am Jur, Divorce and Separation, § 459.
[5] 17 Am Jur, Divorce and Separation, § 465.

5. SAME—REHEARING—PETITION—FILING—EVIDENCE.

Petition for rehearing, timely filed, which charged such misconduct of plaintiff wife as might well have barred the granting of property settlement and custody of children as well as her right to divorce itself, based on noncumulative and undenied newly-discovered evidence was sufficient to entitle defendant to a rehearing (Court Rule No 51, § 6, adopted October 13, 1947).

6. SAME—REHEARING—DILIGENCE.

A husband would not be barred from a rehearing by a lack of due diligence to discover his wife's infidelity prior to the hearing in a suit for divorce, since the law lays no such duty upon a spouse, a duty which would be incompatible with the marriage relation.

7. SAME—REHEARING—COSTS.

No costs are awarded upon reversal of order denying husband's petition for rehearing in a suit for divorce.

Appeal from Oakland; Doty (Frank L.), J.   Submitted April 10, 1951.   (Docket No. 59, Calendar No. 44,770.)   Decided June 4, 1951.

Divorce proceedings by Mary Jane Falconer against Charles M. Falconer.   Motion of defendant for rehearing on grounds of newly-discovered evidence denied because it was filed more than four months after interlocutory decree was entered.   Defendant appeals.   Reversed and rehearing granted.

*Hutson & Merritt,* for plaintiff.

*Sherman McDonald,* for defendant.

DETHMERS, J.   A decree of divorce was granted to plaintiff wife on December 6 and filed on December 13, 1948.   Because there was a dependent minor child under the age of 17 years in the case, the decree provided, in accord with statute and rule (CL 1948, § 552.9 [Stat Ann 1949 Cum Supp § 25.89] and Court Rule No 51, § 6, adopted October 13, 1947),

that it, in the first instance, should be an interlocutory decree and not become final until 6 months from and after the date of its entry, at which time it should become final unless otherwise ordered by the court during said 6 months.

On October 5, 1949, defendant husband filed a petition for rehearing upon the ground of newly-discovered evidence of misconduct on plaintiff's part with another man prior to the hearing on divorce. Plaintiff filed no answer nor in anywise denied the claims of newly-discovered evidence or misconduct, but, instead, filed a motion to dismiss defendant's petition on the grounds that the petition was not filed within 4 months after entry of the "final decree," as required by Court Rule No 48, § 1 (1945), and, further, that defendant had not exercised reasonable diligence in procuring the claimed newly-discovered evidence. Upon those grounds plaintiff's motion was granted and defendant's petition dismissed. Defendant appeals.

Under the cited statute the decree could and did not become "final" until 6 months after the date of its entry. During that entire period it was interlocutory (Rule No 51, § 6) and appeal therefrom, as of right and without leave, could not be taken. The period during which an appeal as of right could be taken did not begin to run until after the 6 months' period. We think it should be similarly held as relates to a petition for rehearing. The 6 months' period was clearly designed by the legislature as one for the cooling of tempers and the effecting of reconciliations. During that period either party has the right, independent of the rehearing provisions of Rule No 48, to make a showing to the court under Rule No 51 as to why the decree should not become final. Thereafter, the rehearing provisions of Rule No 48 become applicable. To hold otherwise would render them meaningless, and nullify the effect of

the term "final decree" in that rule. Defendant's petition was timely filed.

The misconduct of plaintiff as charged in defendant's petition was of a character such as might well have barred her right to divorce itself, not to mention the custody of children and property settlement granted her. The claim of newly-discovered evidence with relation thereto, which was in nowise cumulative, standing undenied on the record by plaintiff, was sufficient to entitle defendant to a rehearing. We are not in accord with the trial court's view that defendant's right to a rehearing is barred by a lack of due diligence to discover his wife's infidelity prior to the hearing on divorce. The law lays no such duty upon a spouse, nor would it be compatible with the marriage relation to require a spirit of suspicion and constant inquiry on the part of each of the married pair as to extramarital conduct on the part of the other.

Order dismissing defendant's petition reversed and rehearing granted, without costs.

REID, C. J., and BOYLES, NORTH, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.