■ ANNA GILSTEIN, Respondent, v. MORRIS GILSTEIN, Appellant.— In an action to annul a marriage, in which an interlocutory decree in the plaintiff wife's favor had been entered, the defendant husband appeals from an order of the Supreme Court, Kings County, entered July 7, 1964, which granted the wife's motion and vacated said interlocutory decree and directed that it " shall not become final as of course." Order reversed, without costs; motion denied; and interlocutory decree reinstated. The parties, one a widow, and the other a widower, and both elderly, were married in New York City. Approximately four months later, plaintiff commenced this annulment action, alleging that the defendant fraudulently represented himself to be a prac-

ticing Orthodox Jew, and also that he had $3,000 in a bank which he would convert to their joint names upon their marriage. Defendant appeared in the action but did not contest the plaintiff's allegations. On April 7, 1964, an interlocutory decree of annulment was granted in the wife's favor. Three months after its entry such decree would become final "as of course" unless "for sufficient cause the court in the meantime shall have otherwise ordered" (Domestic Relations Law, § 242). On June 25, 1964, plaintiff moved to set aside the interlocutory decree on the following grounds: (a) that she had been misled and misinformed by the Social Security Administration that she would be entitled to receive benefits on her former deceased husband's account after the annulment of her present marriage to the defendant; (b) that after the interlocutory decree had been entered, she was advised that she could not be reinstated as a beneficiary on her deceased husband's account; and (c) that should the annulment become final, she would have no means of support other than assistance from the Welfare Department. The Special Term granted the relief sought in the "exercise of its equitable jurisdiction". In our opinion, under the circumstances here, the granting of the wife's motion was an improvident exercise of discretion. Discontinuance of a matrimonial action, unlike other actions, is a matter addressed to the court's discretion. To exercise such discretion, however, good reasons based upon the plaintiff's "good faith, honesty and sincerity" should be shown (*Levey* v. *Levey*, 169 App. Div. 966). Plaintiff here seeks to nullify the consequences of her action upon grounds which in fact negative good faith. No possibility of reconciliation is presented; financial gain is the sole motive for the relief sought. In our opinion, such monetary consideration does not warrant the exercise of the court's discretion in plaintiff's favor. Where, as here, the facts are undisputed, no hearing is required (*Armstrong* v. *Armstrong*, 176 Misc. 240). Beldock, P. J., Christ, Brennan, Hill and Rabin, JJ., concur.