■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS RIOS, Appellant.—Judgment, Supreme Court, Bronx County, rendered on May 3, 1976, unanimously affirmed. Assigned counsel's application for leave to withdraw is denied. No opinion. Concur—Kupferman, J. P., Evans, Capozzoli, Lane and Yesawich, JJ.

■ SHELDON ENGELMAYER, Respondent, v ROSLYN ENGELMAYER, Appellant.—Order, Supreme Court, New York County, entered November 9, 1976, permitting plaintiff to discontinue this action for a divorce without prejudice to any rights the defendant may have, unanimously reversed, on the law, without costs and without disbursements, and order of the same court, entered January 4, 1977, denying the defendant's motion to set this matter down for "trial and hearing for the purpose of determining the amount of permanent alimony, support and counsel fees to which the defendant is entitled", unanimously reversed, on the law, without costs and without disbursements, and the motion disposed of to the extent of remanding it to Special Term for determination on the merits with leave to the parties to submit such further affidavits as they may deem necessary. The plaintiff commenced an action for divorce based upon the defendant's alleged cruelty. She answered, denying the allegations and asserting a defense of the plaintiff's cruelty, but she asserted no counterclaim. Her answer sought alimony, child support and counsel fees. Thereafter, on her motion, the defendant was awarded temporary alimony and support of $200 a week, with counsel fees to await the trial. The plaintiff, nonetheless, continued his preorder payments of $135 a week. When the case appeared on the Trial Calendar, the plaintiff was ready, but the defendant sought an adjournment until the plaintiff had paid up the accumulated arrears of $1,500 and because some witnesses she had subpoenaed had not appeared or appeared with the wrong records. The plaintiff then moved to discontinue the action, the reason being that "I could not suffer a delay in obtaining a trial because I could not afford to permit the temporary Order of support to accumulate, since I could not afford to pay the $200.00 per week as ordered". The defendant had no objection to the plaintiff's discontinuance as long as the court retained jurisdiction over the questions of support and attorneys' fees. Overruling this condition, the court granted discontinuance absolutely, stating that the plaintiff "has a perfect right to withdraw this action" and that as far as support and counsel fees were concerned, the defendant would have to look to other remedies. Later the defendant moved for a trial or hearing on alimony and support but this was denied solely because the divorce action had been discontinued. "The real reason behind plaintiff's application to discontinue is his desire to avoid complying with the support order of the court. Under the authorities, the plaintiff has no absolute right to discontinue this matrimonial action. [Omitting citations.] If the plaintiff is allowed to discontinue this action without adjudicating the rights of the defendant wife to support, she would be prejudiced by losing the benefits of the support order awarded to her and she would be compelled to commence an action of her own against the plaintiff in order to obtain support. The failure of the defendant to plead a counterclaim does not affect the power of the court to provide for her support in the court's discretion, as justice requires" *(Schneider v Schneider,* 32 AD2d 630). Concur—Murphy, P. J., Capozzoli, Lane and Lynch, JJ.