■ Louise F. Hickox, Respondent, v Charles C. Hickox, Appellant.— Order, Supreme Court, New York County, entered April 10, 1979, which denied defendant's motion for summary judgment on the conversion causes pleaded in the amended complaint and the amended answer, modified, on the law, by reversing so much thereof as denied defendant's motion to grant a conversion divorce to plaintiff on her first cause, by granting the motion with regard to that first cause and severing it accordingly, by dismissing the second and third causes, together with the counterclaim, as academic, and, as modified, affirmed, without costs. Plaintiff's amended complaint, served on or about November 3, 1978, contains five causes of action. The first cause seeks a conversion divorce (Domestic Relations Law, § 170, subd [6]). The second cause requests a divorce based upon the cruel and inhuman treatment of the plaintiff by the defendant (Domestic Relations Law, § 170, subd [1]). The third cause seeks a divorce based upon defendant's adulterous conduct (Domestic Relations Law, § 170, subd [4]). In the fourth cause, plaintiff asks for damages arising from several alleged breaches of the separation agreement. In the fifth cause, plaintiff seeks to impose a constructive trust upon certain insurance proceeds. On or about January 31, 1979, the defendant served his amended answer which contained a counterclaim for a conversion divorce (Domestic Relations Law, § 170, subd [6]). In his amended answer, the defendant admitted the allegations with regard to the first cause but denied the allegations with reference to the other four causes. On or about January 31, 1979, the defendant also made a motion for summary judgment on the conversion causes of action set forth in the

amended complaint and the amended answer. On or about February 20, 1979, the plaintiff served her amended reply denying the allegations in the counterclaim. Summary judgment cannot be awarded to the defendant upon his counterclaim for two reasons. First of all, the motion was premature since issue had not been joined on the counterclaim (CPLR 3212, subd [a]). Secondly, even if the motion were timely, the plaintiff's affidavit in opposition raised a question of fact as to whether the defendant had substantially performed all the terms and conditions of the separation agreement. Nonetheless, this court may grant summary judgment to a nonmoving party, such as the plaintiff, if the facts warrant it (CPLR 3212, subd [b]; *Davis v Shelton,* 33 AD2d 707, mot to dismiss app granted 26 NY2d 829). There is some indication in the record that the defendant may have served his verified answer and his motion for summary judgment simultaneously. However, for purposes of this motion, the court will deem issue to have been joined on the action-in-chief prior to defendant's motion for summary judgment. (CPLR 3212, subd [a].) Hence, this court may properly address itself to whether summary judgment should be granted to plaintiff on defendant's motion. In his moving affidavit, the defendant is quite willing to have summary judgment awarded to the plaintiff on her first cause. Nevertheless, the plaintiff declines to accept summary judgment on that first cause. She wishes to obtain a judgment of divorce under the second and third causes. Undoubtedly, the plaintiff hopes that the details elicited in proof of those two causes will help her prevail on the custody proceeding that has been consolidated herewith. The Legislature passed the "no-fault" grounds (Domestic Relations Law, § 170, subds [5], [6]) for divorce in order to enable parties to extricate themselves from a dead marriage more easily. *(Christian v Christian,* 42 NY2d 63, 69.) More often than not, the "no-fault" grounds will be the most expeditious and least painful means of obtaining a divorce. While the plaintiff might eventually sustain her burden at trial on the second and third causes of action, she will, in the end, have gained no more rights or benefits than if she were now awarded summary judgment on the first cause. Furthermore, the court system itself will be saved the unnecessary time and expense of trying the matrimonial aspect of this consolidated case. Consequently, partial summary judgment is given to plaintiff upon her first cause and that cause will be severed accordingly. In view of this determination, plaintiff's second and third causes, together with defendant's counterclaim, are dismissed as academic. At the trial of the custody proceeding, the plaintiff may still seek to adduce all evidence of defendant's misconduct as is relevant to that proceeding. Concur—Murphy, P. J., Sullivan, Bloom, Lupiano and Ross, JJ.