■ FERNE COGAN, Appellant, v DAVID J. COGAN, Respondent. — In a matrimonial action, plaintiff appeals from a judgment of the Supreme Court, Westchester County (Dachenhausen, J.), dated October 13, 1981, which, upon granting defendant's motion for summary judgment of divorce in plaintiff's favor, and upon denying plaintiff's application to discontinue the action with prejudice, granted a divorce to the plaintiff. (The notice of appeal dated October 26, 1981 is deemed to be from the judgment.) Judgment reversed, on the law, with $50 costs and disbursements. Plaintiff's application to discon-

tinue her action is granted with prejudice to the institution of a subsequent matrimonial action based upon any conduct which might have been the basis for an action prior to July 19, 1980 and defendant's motion for summary judgment is dismissed as academic. Special Term erred in denying plaintiff's application to discontinue her action for divorce with prejudice. Absent special circumstances it is well established that parties should not be compelled to litigate. (See, generally, 4 Weinstein-Korn-Miller, NY Civ Prac, par 3217.06.) To avoid any prejudice to defendant as might occur should plaintiff desire to initiate a second action to take advantage of equitable distribution (Domestic Relations Law, § 236, part B), the court could have imposed appropriate terms and conditions on a discontinuance as we have done now. (See *Tucker v Tucker*, 55 NY2d 378, 384, n 2.) Thompson, J. P., Bracken, Rubin and Boyers, JJ., concur.