■ BARBARA S. PEERCE, Respondent, v STUART PEERCE, Appellant. — Order, Supreme Court, New York County (Hortense Gabel, J.), entered April 15, 1983, which granted defendant's motion for reverse partial summary judgment in favor of the plaintiff on her first cause of action, staying entry of judgment pending disposition of the remaining issues in regard to the distribution of marital property, unanimously modified, on the law, on the facts and in the exercise of discretion, to (1) vacate the stay of entry of judgment and (2) stay transfer or disposition of marital assets pending judgment on equitable distribution and otherwise affirmed, without costs or disbursements. We fully agree with the conclusion reached at Special Term that, on this record, defendant is entitled to reverse partial summary judgment in favor of plaintiff on the first cause of action for divorce (*Leeds v Leeds,* 94 AD2d 788, app dsmd 60 NY2d 641; *Rauch v Rauch,* 91 AD2d 407; *Tucker v Tucker,* 97 AD2d 461; *Hickox v*

*Hickox,* 72 AD2d 688). The husband's admission is legally sufficient to establish grounds for a divorce based upon his adultery. Accordingly, the motion was properly granted to that extent. In any event, the propriety of the grant of reverse partial summary judgment is not now before us. The disposition by the Court of Appeals in *Leeds (supra), sua sponte,* dismissing the wife's appeal, establishes that plaintiff is not a party aggrieved under CPLR 5511. Moreover, plaintiff took no appeal from the order and, accordingly, may not be accorded affirmative relief (see *Hecht v City of New York,* 60 NY2d 57). The only issue now before us is the propriety of the stay of entry of interlocutory judgment. On this record, we see no purpose served by such a stay. The court's discretion in that regard should only be exercised where some articulable reason exists to delay entry of judgment or execution thereon, such as an affirmative showing that prejudice would result (see *Stigwood Organisation v Devon Co.,* 44 NY2d 922). Here, the record is barren of any proof of resulting prejudice to the wife by the immediate entry of partial summary judgment in her favor on the first cause of action, severing and dismissing the second and third causes of action alleging, respectively, divorce on the ground of cruel and inhuman treatment and separation on the ground of abandonment. To the extent, if any, that the adultery admitted by the husband may have a bearing upon the issues of equitable distribution which remain for trial, plaintiff may adduce relevant evidence as to defendant's misconduct (see *Hickox v Hickox,* 72 AD2d, at p 689). Under the circumstances, however, to preserve the rights of the parties pending ultimate resolution of the financial issues, including the validity of the antenuptial agreement and any rights of the parties thereunder, we deem it appropriate, subject to further order of the court, to impose a stay of disposition or transfer of all assets of both parties, except in the ordinary course of business, pending final disposition of the remaining issues regarding the distribution of the marital property. Concur — Murphy, P. J., Kupferman, Carro, Silverman and Kassal, JJ.