OPINION OF THE COURT
Gerard E. Delaney, J.
This is initially a motion by plaintiff Eugene F. Frink for what has become known as “reverse summary judgment” (cf. Leeds v Leeds, 94 AD2d 788, app dsmd 60 NY2d 641; Rauch v Rauch, 91 AD2d 407). However, upon the receipt of such motion, defendant Madeline L. Frink has, in what is becoming a frequent form of motion practice in these matters, moved to discontinue her first three counterclaims in the action which seek divorce on her part on the “fault” grounds of cruel and inhuman treatment, adultery and constructive abandonment. (Cf. Domestic Relations Law, § 170.)
Plaintiff has fully admitted liability and responsibility under defendant’s third counterclaim, that of constructive abandonment. However, in her cross motion to discontinue, defendant has alleged, inter alia: “My husband needs help with his drinking problem and I, as his wife, want him to get professional help and I want to assist him in his recovery from his drinking problem. I am concerned about him, care for him and want to help him * * * I now unequivocally desire to withdraw my three counterclaims for divorce * * * Divorce is not something that I want at this time in my life. I do not now want to be divorced from my husband. My husband has a sickness caused by his *201 overindulgence in alcohol. He needs encouragement and help from me. I still have hope and a reconciliation between us remains a possibility.” Defendant then proceeds to note how she would be prejudiced if her motion to discontinue were not allowed, to wit, that the marital premises, which is currently held by the parties as tenants by entirety, would shift to one of tenants in common upon such divorce; termination of defendant as beneficiary on husband’s insurance policy, and loss of inheritance and Social Security benefits.
The court notes that such prejudice as alleged is nothing beyond that which would normally flow from the granting of a judgment of divorce.
In a procedurally analogous case, this court has held “that wherein a party has instituted a matrimonial action on fault grounds and thereafter moves to discontinue his or her action under CPLR 3217 (subd [b]) only upon being served with a motion by the [other party] for ‘reverse summary judgment’ wherein full admission is made by such [other party] to establish at least one of [the moving party’s] grounds for divorce and [the opposing party’s] motion to discontinue is not based upon the continuing viability of the marriage, or upon a good-faith, honest belief in reconciliation but only upon financial or * * * ‘social, medical’ or political consequences of such divorce, that such motion to discontinue should be denied.” (Turek v Turek, 123 Misc 2d 284, 288-289.)
In Turek (supra), plaintiff wife as the moving party had expressed no desire for reconciliation of the marriage, which in itself was a major factor, among other considerations, in this court’s decision. Defendant in the instant case, however, has, at least on the surface, expressed a desire to reconcilíate. Quite naturally, the husband is skeptical of such desire on the part of defendant, characterizing her entire actions as being “only playing a game” and rather sarcastically noting the anomaly in defendant’s professed desire “to remain married to me during my golden years so she can help, assist and encourage me * * * to be a martyr and sacrifice her life to care for me”. Counsel for plaintiff claims that “defendant’s claim of concern, care and the desire to help the plaintiff is belied by not only the *202 past relationship of the parties but their present relationship and the stance the defendant has taken in this matrimonial action. Although she professes concern and care, on this application she seeks to exclude him from the marital residence and other relief [i.e., the pendente lite concurrent motion] which is inconsistent with her claim of a desire to reconcile.” Finally, plaintiff further says “lest there be any doubt, this marriage died many years ago and there is no possible hope for reconciliation.”
As this court stated in Turek (supra, p 286) “[w]hile the right of discontinuance in other type actions appears to be liberally construed, there is an exception where matrimonial cases are involved. (See Hutchinson v Hutchinson, 87 Misc 2d 1071, affd 55 AD2d 817, and cases cited therein at p 1075 * * *) ‘Discontinuance of a matrimonial action, unlike other actions, is a matter addressed to the court’s discretion. To exercise this discretion, however, good reasons based upon the [moving party’s] “good faith, honesty and sincerity” should be shown’ [cites omitted].”
“It seems apparent that where a wife seeks to discontinue a marital action * * * if she is acting in good faith and is genuinely seeking a reconciliation with her spouse, the courts are inclined to favor her petition. The policy of the court is to encourage reconciliations and thus support, strengthen and maintain American family life, in which divorce with its attendant sorrows * * * is all too frequent.” (Armstrong v Armstrong, 176 Misc 240, 242.)
Under defendant’s cross motion to discontinue under CPLR 3217 (subd [b]), the good faith of the applicant in such a situation becomes a question for the court. “The question of plaintiff’s good faith in desiring a reconciliation, as alleged in her affidavits, should not be determined on affidavits, but the Special Term should take proof on that subject. If it should determine that plaintiff is acting in good faith, the motion * * * should be granted. Otherwise, it should be denied.” {Kenner v Kenner, 240 App Div 713; accord Gilstein v Gilstein, 23 AD2d 678, 679.)
Accordingly, inasmuch as defendant’s good faith, honesty and sincerity have been challenged on her motion to discontinue and effect reconciliation of this marriage as being implicitly a trial tactic to avoid the granting of the *203 reverse summary judgment on plaintiff’s behalf, this court orders a hearing to be held on such issue in Supreme Court, Special Term, Part I, Dutchess County, to determine such issue as a matter of fact. Defendant shall file a hearing note of issue, pay appropriate filing fees and serve a copy of this order upon the Calendar Clerk of Supreme Court, Dutchess County. The Calendar Clerk of Supreme Court, Dutchess County, is ordered to give this hearing a priority deemed to take place within 30 days from the filing of the hearing note of issue.
Defendant’s motion to discontinue her counterclaims numbers one through three (i.e., fault divorce) reserved for the Hearing Justice.
Plaintiff’s motion for reverse partial summary judgment upon defendant’s third counterclaim is, accordingly, also reserved for the Hearing Justice. If, indeed, at the conclusion of such hearing, it is determined that defendant is moving to withdraw her counterclaims based upon good faith, honesty and sincerity and her desire for reconciliation and the court grants such application on her behalf, then plaintiff’s motion for reverse summary judgment will become moot. However, if indeed at the conclusion of such hearing defendant’s application to discontinue is granted, it should also consider the application to discontinue accordingly with such sanctions as expressed in Tucker v Tucker (55 NY2d 378, 384, n 2).