■ SUSAN LEITES, Respondent, v EDMUND LEITES, Appellant. — Order of the Supreme Court, New York County (Hortense W. Gabel, J.), entered March 27, 1984, which granted, with prejudice, plaintiff's cross motion to discontinue her first cause of action for divorce based upon the defendant's adultery and denied defendant's motion for reverse partial summary judgment for divorce on the first cause of action as being moot, is affirmed, without costs.

Although it is clear that, in a proper case, reverse summary judgment in a matrimonial action may be granted (*Leeds v Leeds,* 60 NY2d 641) and appropriate safeguards imposed by the court to prevent destruction of or interference with the parties' rights in equitable distribution and otherwise (*Peerce v Peerce,* 97 AD2d 718; *Rauch v Rauch,* 91 AD2d 407), it is equally clear that "[a]bsent special circumstances it is well established that parties should not be compelled to litigate" (*Cogan v Cogan,* 90 AD2d 491, 492; *Knobel v Knobel,* 60 NY2d 672, affg 95 AD2d 845; *Tucker v Tucker,* 55 NY2d 378; see, generally, 4 Weinstein-Korn-Miller, NY Civ Prac, par 3217.06). The authority of a court to grant or deny an application for voluntary discontinuance pursuant to CPLR 3217 (subd [b]) is within the court's sound discretion (*Knobel v Knobel,* 95 AD2d 845, affd 60 NY2d 672, *supra*), and discontinuance should be granted absent special circumstances, such as particular prejudice to the defendant or other improper consequences flowing from the discontinuance. (*Tucker v Tucker,* 55 NY2d 378, 383, *supra.*) No showing of "any particular prejudice to the defendant" has been made, nor has it been demonstrated that Special Term abused its discretion in allowing the discontinuance. Discontinuance having properly been allowed, defendant's motion for reverse summary judgment based upon his admitted adultery was appropriately denied as academic. Concur — Asch, Bloom, Milonas and Alexander, JJ.

Carro, J. P., dissents in a memorandum as follows: The order appealed from should be reversed so as to deny plaintiff's motion to discontinue her first cause of action for divorce or separation

on the ground of adultery, defendant's motion for reverse summary judgment on this cause of action should be granted, the second cause of action for divorce or separation on the ground of cruel and unusual treatment should, *sua sponte,* be dismissed, and entry of the judgment of divorce should be stayed pending trial of the third cause of action for enumerated necessaries.

The parties no longer wish to be married to each other, and to the extent to which plaintiff's first two causes of action seek the alternative relief of separation, they are undercut by the detailed relief requested under the cause of action for necessaries, e.g., declarations of plaintiff's separate property and equitable distribution of the marital property. Plaintiff's real concern appears to be twofold: (1) a judgment of divorce prior to a judicially approved property settlement would have an adverse effect upon her tax liability and inheritance rights, and (2) such a judgment would preclude her from presenting evidence as to defendant's alleged "cruel and inhuman" treatment of her, which evidence, she maintains, is relevant in determining the distribution of marital assets, under section 236 (part B, subd 5, par d, cl [10]) of the Domestic Relations Law ("catchall factor").

Both of these concerns are answered by our recent decision in *Peerce v Peerce* (97 AD2d 718). Unlike the situation there, plaintiff here has demonstrated "proof of resulting prejudice to the wife by the immediate entry of partial summary judgment in her favor on the first cause of action" (97 AD2d, at p 719). And, too, the extent that the defendant's fault "may have a bearing upon the issues of equitable distribution which remain for trial, plaintiff may adduce relevant evidence as to defendant's misconduct (see *Hickox v Hickox,* 72 AD2d [688], at p 689)." (*Supra,* p 719.) Of course, this latter statement is not without its qualifications. (Cf. *Blickstein v Blickstein,* 99 AD2d 287, 292 ["marital fault of a party is not a relevant consideration under the Equitable Distribution Law * * * [except where] misconduct is so egregious or uncivilized as to bespeak of a blatant disregard of the marital relationship"], citing *D'Arc v D'Arc,* 164 NJ Super 226, where the husband offered $50,000 to have his wife killed).

It is true that normally the trial court has great discretion in granting motions to discontinue all or part of an action. However, this discretion is not without limits. (*Valladares v Valladares,* 80 AD2d 244, 257-258.) Here, defendant is entitled to have his motion for partial summary judgment granted inasmuch as plaintiff's objections can be met by merely holding in abeyance the entry of judgment pending trial as to the property settlement. (Cf. *Leeds v Leeds,* 60 NY2d 641, dsmg app from 94 AD2d 788; *Peerce v Peerce, supra; Rauch v Rauch,* 91 AD2d 407,

410-411.) This would be the judicially economical thing to do and would be most consistent with our decisions in the recent past.