■ PHYLLIS ZUCKERMAN, Appellant, v RICHARD ZUCKERMAN, Respondent. — In an action for divorce on the ground of cruel and inhuman treatment, plaintiff wife appeals (1) from an order of the Supreme Court, Westchester County (Wood, J.), dated December 20, 1983, which, *inter alia,* granted the defendant husband's motion for reverse partial summary judgment on plaintiff's first cause of action for a divorce and denied plaintiff's cross motion for leave to discontinue her action, and (2) as limited by her brief, from so much of order of the same court, entered December 21, 1983, as, upon reargument of plaintiff's cross motion for leave to discontinue her action, adhered to its original determination.

Appeal from the order dated December 20, 1983 dismissed, without costs or disbursements. That order was superseded by the order entered December 21, 1983, made upon reargument.

Order entered December 21, 1983 reversed, insofar as appealed from, on the law and in the exercise of discretion, and, upon reargument, order dated December 20, 1983 vacated, without costs or disbursements, plaintiff's cross motion to discontinue her action is granted with prejudice to the institution of any subsequent matrimonial action based upon conduct prior to

December 20, 1983 which might have furnished the basis for such an action, and defendant's motion for reverse partial summary judgment is denied as academic.

Plaintiff commenced an action in June, 1982 for divorce based upon allegations of cruel and inhuman treatment. Issue was joined by service of an answer on or about June 28, 1982, and there followed a protracted period of motion practice which was addressed, primarily, to the discovery of the defendant's finances. Subsequently, in September, 1983, the defendant moved, *inter alia,* for reverse partial summary judgment in plaintiff's favor on her divorce action, whereupon the plaintiff cross-moved pursuant to CPLR 3217 (subd [b]), in effect, for leave to discontinue her action with prejudice. Special Term, insofar as is here pertinent, granted the defendant's motion and denied plaintiff's cross motion, and these appeals followed.

We reverse.

In our view, Special Term erred in denying plaintiff's application to discontinue her divorce action upon the terms and conditions set forth herein, as it is well established that, in the absence of special circumstances, a party should not be compelled to litigate against his or her wishes (*Tucker v Tucker,* 55 NY2d 378, 383; *Cogan v Cogan,* 90 AD2d 491, 492; see *Knobel v Knobel,* 95 AD2d 845, affd 60 NY2d 672). No special circumstances have been demonstrated herein, nor has the defendant established any measure of legal prejudice which would flow from the granting of plaintiff's cross motion.

There is no outstanding court order in favor of the defendant which would be frustrated by the discontinuance (cf. *Engelmayer v Engelmayer,* 57 AD2d 770; *Schneider v Schneider,* 32 AD2d 630), nor has the matter proceeded through a trial on the merits (cf. *Gilstein v Gilstein,* 23 AD2d 678; *Levey v Levey,* 169 App Div 966; *Shinkman v Shinkman,* 72 NYS2d 579, affd 273 App Div 766; *Armstrong v Armstrong,* 176 Misc 240). In addition, while the defendant maintains that he has already incurred substantial legal fees as a result of this action, our court has only recently noted that while the fact "that [a] defendant has been subjected to the expense and trouble of defending [a] suit may entitle him to [recover] costs, [it] generally would *not* preclude [a] plaintiff from discontinuing the action" (*Valladares v Valladares,* 80 AD2d 244, 258, affd 55 NY2d 388; emphasis supplied).

Defendant may not claim prejudice by virtue of the fact that the granting of a discontinuance will deprive him of the opportunity to obtain a divorce; he never counterclaimed for such relief and has effectively conceded that he possesses no grounds upon which to do so. Under such circumstances, "[t]o grant a divorce

[against plaintiff's wishes] would be to benefit the wrongdoing defendant by giving him relief for which he did not counterclaim and to which he did not prove himself entitled" (*Ross v Ross,* 84 AD2d 569, 570, affd 55 NY2d 999). As this court stated while reversing the entry of reverse partial summary judgment in a matrimonial action where it was clear that the nonmoving party had attempted to withdraw his counterclaim for a divorce, "[w]here the nonmoving party does not request a divorce, an award of divorce against that party's express wish would frustrate public policy" (*Stella v Stella,* 92 AD2d 589). Similar considerations are applicable here where the plaintiff avers without contradiction that she no longer desires to obtain a divorce. Moreover, no intimation of any impermissible purpose is discernible on this record (cf. *Gilstein v Gilstein, supra; Shinkman v Shinkman, supra,* and cases cited therein).

Finally, while the grant of a discontinuance renders the defendant's motion for reverse partial summary judgment academic (*Cogan v Cogan, supra,* p 492), we would only note that effective August, 1984 the Legislature has decreed that "[i]n a matrimonial action summary judgment may not be granted in favor of the non-moving party" (CPLR 3212, subd [e], as amd L 1984, ch 827).

A motion for reverse partial summary judgment does not, in this context, constitute a prayer for affirmative relief and while the granting of such a motion normally would not be appealable at the behest of the prevailing party (CPLR 5511; *Leeds v Leeds,* 60 NY2d 641), it is reviewable here by virtue of its inextricable relationship to the denial of plaintiff's motion for leave to discontinue, by which she is unquestionably aggrieved. Gibbons, J. P., O'Connor, Boyers and Lawrence, JJ., concur.