■ KAREN FARR, Respondent, v GEORGE L. FARR, Appellant. — In a matrimonial action, defendant husband appeals from an order of the Supreme Court, Westchester County (Wood, J.), entered January 17, 1984, which granted renewal, and, upon renewal, granted plaintiff wife's application to discontinue the action with prejudice.

Order modified, on the law, by deleting the words "used as the basis for her original complaint up to and including July 19, 1980" and substituting therefor "which might have been the basis for an action prior to January 17, 1984". As so modified, order affirmed, without costs or disbursements.

Absent special circumstances it is well established that parties should not be compelled to litigate (*Cogan v Cogan,* 90 AD2d 491, 492). Upon this record, Special Term did not abuse its discretion in granting plaintiff's application to discontinue the matrimonial action with prejudice (*Tucker v Tucker,* 55 NY2d 378, 384, n 2; *Cogan v Cogan, supra;* CPLR 3217 [b]). However, to fully avoid any prejudice to defendant as might occur should plaintiff desire to initiate a second action to take advantage of the equitable distribution law (Domestic Relations Law § 236 [B]), we have modified the order to provide that a new action may not be based upon any conduct of defendant which might have been the basis for an action prior to January 17, 1984 (*see, Knobel v Knobel,* 60 NY2d 672). Weinstein, J. P., Rubin, Lawrence and Kunzeman, JJ., concur.