**Arlus Owner LLC v Twain Time, Inc.**

2025 NY Slip Op 30606(U)

February 21, 2025

Supreme Court, New York County

Docket Number: Index No. 652659/2023

Judge: Nicholas W. Moyne

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| PRESENT:    <u>**HON. NICHOLAS W. MOYNE**</u> | PART       41M |
| *Justice* | |

-----------------------------------------------------------------------------X

ARLUS OWNER LLC,FALU, LLC,FJLU, LLC,829 MADISON WE TIC OWNER LLC

Plaintiff,

- v -

TWAIN TIME, INC.,

Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 652659/2023 |
| **MOTION DATE** | 10/09/2024, 10/30/2024 |
| **MOTION SEQ. NO.** | 007 008 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 007) 203, 204, 205, 206, 207, 208, 209, 210, 211, 212, 215, 220

were read on this motion to/for          <u>            DISCONTINUE            </u>.

The following e-filed documents, listed by NYSCEF document number (Motion 008) 217, 218, 221

were read on this motion to/for          <u>            DISCONTINUE            </u>.

Upon the foregoing documents, it is

Motion Sequences 007 and 008 are consolidated herein for disposition. Plaintiffs, FALU, LLC, FJLU, LLC, ARLUS OWNER, LLC and 829 MADISON WE TIC OWNER LLC, (collectively, "plaintiffs"), commenced the underlying action against defendant, TWAIN TIME INC. ("Twain Time"), for claims arising out of a written commercial lease agreement and seeking access to a leased portion of the subject premises to inspect and/or perform certain work to the exterior and/or façade of the building.

In their complaint, plaintiffs were asserting two claims: (1) a first cause of action for an order for access; and (2) a second cause of action for breach of contract. On June 29, 2023, Twain Time filed its answer to the complaint, asserting the following counterclaims: (1) a first cause of action for declaratory judgment as to the premises of the lease; (2) a second cause of action for an injunction; (3) a third cause of action for a declaratory judgment as to second

**652659/2023   ARLUS OWNER LLC ET AL vs. TWAIN TIME, INC.**            **Page 1 of 6**
**Motion No.   007 008**

[* 1]

default notice; (4) a fourth cause of action for preliminary and permanent injunction; (5) a fifth cause of action for breach of the covenant of good faith and fair dealing; and (6) a sixth cause of action for commercial tenant harassment, under NYC Administrative Code §22-902.

Now, in Motion Sequence 007, Twain Time, moves for an order, pursuant to CPLR § 3217 (b), to voluntarily discontinue its first, second, third, and fourth causes of action in the counterclaims dated June 29, 2023, and, pursuant to CPLR § 6514 (a), to cancel the Notice of Pendency, filed on July 11, 2023, against the property located at Block 1384, Lot 23 in the County of New York and known as 829 Madison Avenue, New York, a/k/a 19 East 69th Street, New York, New York 10021. Plaintiffs do not oppose Twain Time's motion, advising they "do not object to the ultimate relief requested in the Motion *provided* that the Court's order granting the Motion makes clear that the claims are ordered discontinued *with prejudice* so that there is no question of their being revived (NYSCEF Doc. No. 215 ¶ 3).[1]

Accordingly, in Motion Sequence 008, plaintiffs also move for an order, pursuant to CPLR § 3217 (b), to voluntarily discontinue their first cause of action for an order for access. In their affirmation, counsel for plaintiffs asserts that the defendant advised it does not object to this request for relief (NYSCEF Doc. No. 218).

CPLR § 3217 (b) provides that an action shall not be discontinued by a party asserting a claim except upon order of the court and upon terms and conditions as the court deems proper. The court has a great deal of discretion when deciding those motions to discontinue all or part of an action (*Leites v Leites*, 104 AD2d 342, 343 [1st Dept 1984]). Soundly within this discretion is

---

[1] Defendant has not opposed or otherwise responded to the plaintiffs' request that the discontinuance of these causes of action be with prejudice. The statute permits the court to grant a motion "upon terms and conditions" as the court deems proper (*Beigel v Cohen*, 158 AD2d 339, 340 [1st Dept 1990]), which includes imposing conditions on granting an application (*New York Downtown Hosp. v Terry*, 80 AD3d 493, 494 [1st Dept 2011]) or that, in appropriate circumstances, a discontinuance may be with prejudice (*NBN Broadcasting, Inc. v Sheridan Broadcasting Networks, Inc.*, 240 AD2d 319, 319 [1st Dept 1997]).

the determination of whether, and upon what terms and conditions, to grant an application to discontinue an action under CPLR 3217(b) (*Deutsche Bank Natl. Tr. Co. v Holcomb*, 178 AD3d 773, 774 [2d Dept 2019]. However, absent special circumstances such as prejudice to adverse parties, a discontinuance should be granted (*Burnham Serv. Corp. v Natl. Council on Compensation Ins., Inc.*, 288 AD2d 31, 32 [1st Dept 2001]), and unless a court states otherwise, a voluntary discontinuance is without prejudice (*Matter of J.M.*, 224 NYS3d 387 [1st Dept 2025]).

Here, both defendant and plaintiffs have shown that discontinuance of their respective claims would not result in prejudice to a substantial right of another party, circumvent an order of this court, avoid the consequences of a potentially adverse determination, or otherwise produce improper results (*Aurora Loan Services, LLC v Hunte*, 189 AD3d 1525, 1526 [2d Dept 2020]). In support of this discontinuance, Twain Time asserts that in light of the parties' Stipulation, which resolved the motion(s) for access along with the *Yellowstone* injunction, defendant's third and fourth causes of action are now moot (*see* NYSCEF Doc. No. 201; 202; 206). Additionally, Twain Time also asserts that on September 10, 2024, the parties entered a "Rescission Agreement" rescinding the certain Lease Amendments *nunc pro tunc;* and therefore, defendant's first and second causes of action are also moot (NYSCEF Doc. No. 211). Twain Time requests that the court order the discontinuance of the remaining counterclaims, except for the sixth cause of action for commercial tenant harassment, and cancel the Notice of Pendency.[2]

Plaintiffs also seek to discontinue their first cause of action for an order of access/entry asserting that through the parties' Stipulation, which resolved the motion(s) relating to access and resulted in plaintiffs ultimately gaining access, the relief sought therein has been achieved

---

[2] In accordance with the decision and order issued by this court on August 15, 2024, the defendant's fifth cause of action was dismissed (*see* NYSCEF Doc. No. 194).

**652659/2023   ARLUS OWNER LLC ET AL vs. TWAIN TIME, INC.**
**Motion No.  007 008**

**Page 3 of 6**

(NYSCEF Doc. No. 188; 206). As these causes of action have either been resolved and/or mooted by the parties' agreement(s) or a court order, the motions may be granted in their entirety.[3]

Accordingly, it is hereby

ORDERED that Motion Sequence 007, the motion by defendant, TWAIN TIME INC., for voluntary discontinuance and cancelling the Notice of Pendency is GRANTED, in its entirety; and it is further

ORDERED that defendant's first, second, third, and fourth causes of action in the counterclaims dated June 29, 2023, are hereby discontinued with prejudice, and said causes of action only are dismissed; and it is further

ORDERED that defendant's first, second, third, and fourth causes of action in the counterclaims dated June 29, 2023, are severed, and the action shall continue as to the remainder of the claims, which shall include defendant's sixth cause of action for commercial tenant harassment; and it is further

ORDERED that the court having determined that cancellation is appropriate under CPLR § 6514 (a), Notice of Pendency herein, filed by TWAIN TIME INC. in the office of the County Clerk of New York County on July 11, 2023, with the address of the property affected by said Notice designated as Block 1384, Lot 23 and known as 829 Madison Avenue, New York, a/k/a 19 East 69th Street, New York, New York 10021, may be cancelled; and it is further

---

[3] Considering the circumstances presented in the action- including, the history of the litigation, the relationship of the parties, the extensive motion practice, and the current procedural posture, the discontinuance of these causes of action may be with prejudice (*see Brenhouse v Anthony Indus., Inc.*, 156 AD2d 411, 412 [2d Dept 1989]; *Reid v Brown*, 165 AD3d 949, 950 [2d Dept 2018]).

**652659/2023   ARLUS OWNER LLC ET AL vs. TWAIN TIME, INC.**
  **Motion No.  007 008**

**Page 4 of 6**

4 of 6

ORDERED that the County Clerk of New York County, upon service upon him of a copy of this order together with notice of entry, shall cancel the aforesaid Notice of Pendency and record in his records a notation of such cancellation; and it is further

ORDERED that such service upon the County Clerk shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website); and it is further

ORDERED that Motion Sequence 008, the motion by plaintiffs, FALU, LLC, FJLU, LLC, ARLUS OWNER, LLC and 829 MADISON WE TIC OWNER LLC, for voluntary discontinuance is GRANTED, in its entirety; and it is further

ORDERED that the plaintiffs' first cause of action asserted in their verified complaint is hereby discontinued with prejudice, and said cause of action only is dismissed; and it is further

ORDERED that the plaintiffs' first cause of action is severed, and the action shall continue as to the remainder of the claims, which shall include plaintiffs' second cause of action in the verified complaint for breach of contract; and it is further

ORDERED that counsel are still directed to appear in Room 327, 80 Centre Street, New York, New York 10013, for the compliance conference which has been scheduled for May 15, 2025, at 2:15 PM.

This constitutes the decision and order of the court.

**652659/2023   ARLUS OWNER LLC ET AL vs. TWAIN TIME, INC.**
**Motion No.  007 008**

**Page 5 of 6**

Motion Sequence 007:

<u>2/21/2025</u>
**DATE**

**NICHOLAS W. MOYNE, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

Motion Sequence 008:

<u>2/21/2025</u>
**DATE**

**NICHOLAS W. MOYNE, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

**652659/2023   ARLUS OWNER LLC ET AL vs. TWAIN TIME, INC.**                    **Page 6 of 6**
**Motion No.  007 008**

6 of 6

[* 6]